UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SENTRY INSURANCE A MUTUAL
COMPANY,

    Plaintiff,

v.                                                                                                                          No. 1:20-cv-00497-JCH-CG

DIEGO PICHARDO, ALEJANDRO PICHARDO,
JOSE PICHARDO, ALFRED MARTINEZ, as
Personal Representative of the Wrongful
Death Estate of Andrew Martinez, and
KEVIN ALLENDE,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on (i) Alfred Martinez, as Personal Representative of the Wrongful Death Estate of Andrew Martinez ("the Estate")'s Motion to Dismiss or Abstain **(ECF No. 12)**, (ii) Sentry Insurance a Mutual Company ("Sentry")'s Motion for Summary Judgment **(ECF No. 14)**, (iii) the Estate's Motion to Strike or in the Alternative Stay Sentry's Motion for Summary Judgment **(ECF No. 17)**, (iv) the Estate's Motion to Strike or in the Alternative Stay Sentry's Amended Motion for Summary Judgment **(ECF No. 28)**, and (v) Kevin Allende ("Allende")'s Motion to Dismiss or Abstain **(ECF No. 35)**.

    **I.    BACKGROUND[1]**

---

[1] The Court draws some of its factual background from exhibits outside of the pleadings. Although the record is typically limited on a motion to dismiss, the Court can properly consider documents incorporated by reference in the complaint or documents referred to in and central to the complaint, when no party disputes their authenticity. *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013). Here, Plaintiff Sentry's complaint not only referred to the relevant insurance policies at issue, but Sentry also attached the policies as exhibits to its complaint and no party disputes the authenticity of the exhibits.

On the night of November 3, 2019 in Santa Fe, New Mexico, Defendant Diego Pichardo allegedly drove his father's Chevrolet Silverado while intoxicated and struck and killed another driver, Andrew Martinez, and injured Martinez's passenger, Kevin Allende. Diego[2] was driving home from his work shift at a bar and restaurant. His employer allegedly contributed to Diego's intoxication.

Plaintiff Sentry Insurance a Mutual Company issued three auto insurance policies to members of the Pichardo household. Two of the three were issued to Diego's father, Alejandro. Policy No. 2698 insured the Silverado and was effective September 24 – October 24, 2019. Sometime after that policy expired, Alejandro submitted a new application. On November 26, 2019, Sentry issued a new policy, Policy No. 0306. Both polices specifically listed Diego as an excluded driver and stated that "no liability or obligation of any kind shall be attached to [Sentry] for losses or damages sustained … while any motor vehicle insured hereinunder" was operated by Diego. Compl. ¶ 30, ECF No. 1.

The third policy – Policy No. 9259 – was issued to Diego's brother Jose. It insured a Volkswagen and was effective from October 28 – November 28, 2019. The father, Alejandro, was a listed driver on Jose's policy, but Diego was not. Although Policy No. 9259 was effective when the November 3 crash occurred, Sentry contends that the policy does not afford coverage because Diego was not an insured person, the Silverado was not an insured vehicle, and an applicable policy exclusion applies.

Sometime after the crash, the Estate and Allende notified Sentry that it was liable for coverage under one of the policies issued to Alejandro. After investigating, Sentry told them in a

---

[2] Because some of the parties share a common surname the Court refers to related parties by their first name.

January 2020 communication that coverage was unavailable for their purported damages, and Sentry relayed the same information to its putative insureds, Alejandro and Diego Pichardo.

On March 31, 2020, Alfred Martinez, as personal representative of the wrongful death estate, filed a lawsuit against Diego and Alejandro, Sky King, Inc. d/b/a The Bull Ring, and Harry Georgeades, Sky King's president, director and registered agent, in the First Judicial District Court of Santa Fe, New Mexico.

On May 8, 2020, Kevin Allende also filed suit in the First Judicial District Court against Diego and Alejandro, The Bull Ring, and Sentry. Sentry is joined in Allende's suit as a nominal party because it issued a personal auto policy to Alejandro. Both lawsuits allege that negligence against Diego, negligent entrustment against Alejandro, and dram shop claims against The Bull Ring. Sentry is defending Diego and Alejandro against both lawsuits subject to a reservations of rights.

On September 17, 2020, Sentry filed a declaratory judgment action before this Court under the Court's diversity jurisdiction seeking a determination that no policy issued to the Pichardos affords liability coverage nor coverage for punitive and exemplary damages. It also seeks a declaration that it owes no duty to defend or indemnify the Pichardos in the underlying tort lawsuits in state court. Sentry named as defendants the Pichardos, Allende, and the Estate.

In November 2020, the Estate moved to dismiss this case for failure to meet the federal $75,000 amount-in-controversy requirement under 28 U.S.C. § 1332(a) or, alternatively, for the Court to abstain its jurisdiction until the state court cases are resolved.[3] Sentry responded in opposition. It also filed a motion for summary judgment, which it later amended. In lieu of

---

[3] In April 2021, Defendant Kevin Allende filed what appears to be an identical motion.

responding to those motions, the Estate moved to strike them or, in the alternative, for the Court to stay its ruling until the pending dismissal/abstention motions have been decided.

## II.     DISCUSSION

### A. Amount in Controversy

The Estate and Allende contend that if Sentry's allegations concerning the amount in controversy are accepted as true, then § 1332(a)'s jurisdictional threshold is not met "because the total amount available under any policy is $25,000 per person, and $50,000 per accident, and there are no allegations with the [c]omplaint that more than one policy was potentially in force on the date of the crash." Estate's Mot. to Dismiss at 4.

"Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject-matter jurisdiction, mounting either a facial or factual attack." *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020).[4] "Subject-matter jurisdiction under 28 U.S.C. § 1332(a) requires, in addition to diversity of citizenship, an amount in controversy in excess of $75,000." *Phelps Oil & Gas, LLC v. Noble Energy Inc.*, 5 F.4th 1122, 1126 (10th Cir. 2021).[5] "When federal subject matter jurisdiction is challenged based on the amount in controversy requirement, the plaintiffs must show that it does not appear to a legal certainty that they cannot recover at least [$75,000]." *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994) (citing *St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)). "Plaintiffs must have a good faith belief that the amount in controversy is met." *Id*.

---

[4] "A facial attack assumes the allegations in the complaint are true and argues they fail to establish jurisdiction." *Id*. (citation omitted). "A factual attack goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction." *Id*. Here, the Estate and Allende's challenge is facial, since they adduced no evidence such as affidavits, documents, etc., to contest jurisdiction. The Court therefore accepts as true the factual allegations pleaded in Sentry's complaint.

[5] It is undisputed that there is complete diversity of citizenship among the parties.

"The amount claimed by the plaintiff in its complaint generally controls and 'alone can be sufficient' to support subject matter jurisdiction." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1171 (10th Cir. 2011) (quoting *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000)). "Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *Adams,* 225 F.3d at 1183 (citation omitted). "The plaintiff may supplement the allegations in the complaint with affidavits or other evidence." *DiPanfilo*, 671 F.3d at 1171 (citation and internal quotation marks omitted).

If a plaintiff has carried its burden to demonstrate that "it is not legally certain that the claim is less than the jurisdictional amount," *Woodmen of World Life Ins. Soc. v. Manganaro,* 342 F.3d 1213, 1216 (10th Cir. 2003), "then the defendant has an opportunity to challenge that showing." *DiPanfilo*, 671 F.3d at 1171. However, "it is difficult for a dismissal to be premised on the basis that the requisite jurisdictional amount is not satisfied." *Manganaro*, 342 F.3d at 1216 (citation omitted). "There is a strong presumption favoring the amount alleged by the plaintiff" and therefore "[t]he legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Id*.; *id*. at 1217 (citation omitted).

The Court finds that Sentry has established that the amount in controversy requirement. In cases seeking declaratory relief, "the amount in controversy is measured by the value of the object of the litigation." *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (citation and internal quotation marks omitted). The Court must look to "the pecuniary effect an adverse declaration will have on either party to the lawsuit." *City of Moore v. Atchison, Topeka & Santa Fe Ry. Co.*, 699 F.2d 507, 509 (10th Cir. 1983). Although Sentry's complaint does not describe the amount of damages that the Estate and Allende seek to recover in the

5

underlying state court actions, the complaint puts into issue "coverage under two personal auto policies … which carry $100,000.00 in liability coverage collectively," Compl. ¶ 2, and as Sentry correctly points out, there are two injury claimants. Thus, the pecuniary effect an adverse declaration would have on Sentry to indemnify the Pichardos would exceed $75,000. Section 1332(a)'s amount-in-controversy requirement is met, and the Court has subject matter jurisdiction over the action.

### B. Discretionary Exercise of Jurisdiction

The Court next examines whether it should decline to exercise jurisdiction given the presence of the underlying state court actions. The Declaratory Judgment Act provides that a federal court "*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 980 (10th Cir. 2012) (quoting 28 U.S.C. § 2201(a)). Because of the Act's use of the term "may," the Act confers upon district courts "unique and substantial discretion in determining whether to declare the rights of litigants when duplicative state proceedings exist." *United States v. City of Las Cruces*, 289 F.3d 1170, 1179–80 (10th Cir. 2002) (citation and quotation marks omitted); *Mid-Continent*, 685 F.3d at 980. In determining whether to exercise its discretion, the district court should consider the following "*Mhoon*" factors:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (citation and internal quotation marks omitted).

### 1. Whether the declaratory action will settle the controversy and serve a useful purpose (Factors 1 and 2)

"The first two *Mhoon* factors focus on the degree of identity between the parties and issues in the state and federal suits." *Bristol W. Ins. Co. v. Salas*, 469 F. Supp. 3d 1175, 1177 (D.N.M. 2020) (citation omitted). Citing *Found. Reserve Ins. Co. v. Mullenix*, 1982-NMSC-038, ¶ 12, 97 N.M. 618, 620, 642 P.2d 604, 606, the Estate and Allende argue that "the insurer is under a duty to defend the insured in the primary action until the court finds that the insurer is relieved of liability under the noncoverage provision of the policy." They argue that a declaratory judgment action should not be considered because the action depends on the resolution of factual disputes that are at issue in the underlying tort suits. However, this case concerns Sentry's contractual duties to defend and indemnify its putative insureds. The state suits, in contrast, concern the Pichardos and The Bull Ring parties' alleged tort liability to the Estate and Allende under theories of negligence. Thus, while both suits stem from the same underlying facts, the contractual issues in the federal proceeding are distinct from the tort claims in state court. In addition, the record does not indicate that the coverage issue here will be resolved in the pending state court litigation because there is no indication that a declaratory action is before the state court.

Allende and the Estate next argue that the Court would "not be able to determine all of the issues … including related to [Sentry's] violations of common and statutory law." Estate's Mot. to Dismiss at 7. They then describe the various ways an insurer can be held liable for bad faith by, *e.g.*, failing to deal fairly in handling a claim or failing to conduct a fair investigation. However, the motion to dismiss record does not indicate that extra-contractual claims like bad

7

faith are before the state court. According to Sentry's complaint, Allende and the Estate's suits for wrongful death and personal injury are directed at the alleged tortfeasors based on various theories of negligence. Because the record does not show the presence of extra-contractual claims against Sentry in the state suits, the Court finds unpersuasive the Estate and Allende's argument.

For all the foregoing reasons, the Court finds that the first two *Mhoon* factors weigh in favor of considering this action. The declaratory action will serve a useful purpose in clarifying defense and coverage issues between them.

### 2. Whether a declaratory remedy is being used for procedural fencing (Factor 3)

Although Sentry filed the federal declaratory judgment action months after the state court complaints were filed, there has been no evidence presented suggesting that this case was filed to avoid an adverse ruling in state court. The coverage issue is not pending in state court because the state court is concerned with determining tort liability, so this Court's ruling would have no effect on the merits of the tort suits. This factor weighs in favor of exercising the Court's discretion.

### 3. Whether declaratory action would increase friction between state and federal courts and whether there is an alternative, better remedy (Factors 4 and 5)

The Estate and Allende argue that this Court's exercise of jurisdiction would create friction between it and the state court because "New Mexico Courts require that any declaratory action related to coverage must be brought in the underlying litigation." Estate's Mot. to Dismiss at 9. They cite New Mexico law that generally "a determination of whether an exclusion relieves an insurer from a duty to defend must be made in the primary lawsuit, and not in an action for declaratory judgment, because it is a factual question." *Lopez v. New Mexico Pub. Sch. Ins.*

8

*Auth.*, 1994-NMSC-017, ¶ 11, 117 N.M. 207, 210, 870 P.2d 745, 748. However, this case, unlike *Lopez*, does not involve a factual question that the state court is likely to decide that will create tension between the courts. As noted earlier, the federal case concerns Sentry's contractual duties to defend and indemnify its putative insureds whereas the state suits concern the alleged tortfeasors' liability to the Estate and Allende. The Court will have to construe the insurance policies' legal language regarding Sentry's contractual duties – issues that are not before the state court. The fourth factor weighs in favor of exercising jurisdiction. *Cf. Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942) ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court *presenting the same issues*, not governed by federal law, *between the same parties*") (emphasis added).

As for the final *Mhoon* factor, although New Mexico Declaratory Judgment Act, N.M. Stat. Ann. §§ 44-6-1 *et seq.*, gives an insurer a state forum to determine and declare duties and rights, the current record does not show that a state case exists in which a declaratory judgment is sought. Based on the current record, there is no other forum in which the issues Sentry seeks resolution will be decided. Accordingly, this factor weighs in favor of exercising jurisdiction.

### C. Motion to Strike

In lieu of responding to Sentry's amended summary judgment motion, the Estate moved to strike it. Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Estate moved for an order striking Sentry's amended summary judgment until the Court ruled on its and Allende's pending motions to dismiss. Because the Court has herein ruled on those motions, the Court denies the motion to strike. The Estate and Allende are ordered to respond to Sentry's

amended summary judgment motion by **September 17, 2021**. Sentry is ordered to reply by **October 1, 2021**.

### D. Moot Motions

Sentry's original summary judgment motion and the Estate's motion to strike it are denied as moot. *See Ledford v. E. Band of Cherokee Indians*, No. 1:20-CV-005-MR-DCK, 2020 WL 1042235, at *1 (W.D.N.C. Mar. 3, 2020) ("It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot.")

### III.   CONCLUSION

The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)'s amount-in-controversy component. The *Mhoon* factors weigh in favor of this Court exercising its jurisdiction to consider this declaratory judgment action. Briefing on Sentry's amended summary judgment motion will be completed in the sequence described above. It is **ORDERED** that:

- Alfred Martinez's, as Personal Representative of the Wrongful Death Estate of Andrew Martinez, Motion to Dismiss or Abstain **(ECF No. 12)** is **DENIED**;
- Sentry Insurance a Mutual Company's Motion for Summary Judgment **(ECF No. 14)** is **DENIED** as **MOOT**;
- Alfred Martinez's Motion to Strike or in the Alternative Stay Sentry's Motion for Summary Judgment **(ECF No. 17)** is **DENIED** as **MOOT**;
- Alfred Martinez's Motion to Strike or in the Alternative Stay Sentry's Amended Motion for Summary Judgment **(ECF No. 28)** is **DENIED**;
- Kevin Allende's Motion to Dismiss or Abstain **(ECF No. 35)** is **DENIED**.

It is further **ORDERED** that Alfred Martinez and Kevin Allende will respond to Sentry's Amended Summary Judgment motion **(ECF. No. 21)** by **September 17, 2021**. Sentry will reply by **October 1, 2021**.

**IT IS SO ORDERED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE